IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THE UNITED STATES OF AMERICA

vs.                                          CASE NO. 4:15cr9-RT

JAMES DEON KORFHAGE
_____/

**<u>CONTESTED MOTION TO SUPPRESS EVIDENCE SEIZED WITHOUT A WARRANT</u>**

Defendant, JAMES DEON KORFHAGE, pursuant to the Fourth Amendment to the United States Constitution, Federal Rule of Criminal Procedure 41(h) and Federal Rule of Criminal Procedure 12, through his undersigned attorney, moves this Court to suppress any and all evidence obtained as a result of the unlawful search of the defendant's cellular telephone and as grounds states:

1. Defendant was arrested on April 24, 2015 and his cellular phone was seized by law enforcement and was searched without a warrant.

2. As a result of the warrantless search, any evidence was obtained in violation of defendant's rights guaranteed by the Fourth Amendment.

3. Undersigned counsel has attempted to communicate with counsel for the United States by email and telephone, on numerous occasions, requesting a copy of a search warrant for the cellular phone, so counsel can prepare for trial, which is set for December 7, 2015. Counsel for the government has not responded. Therefore, undersigned counsel proceeds as if counsel for the United States

1

opposes this Motion to Suppress.

Wherefore, defendant requests this Court suppress any and all evidence obtained as a result of the warrantless search of the defendant's cellular phone.

**MEMORANDUM OF LAW**

The Fourth Amendment to the United States Constitution provides "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The United States Supreme Court held that a warrant is generally required before such a search, even when a cell phone is seized incident to arrest. Riley v. California, 134 S.Ct. 2473 (2014).

Because the search of the cellular phone was unlawful any and all evidence obtained, as a result of the search, should be suppressed and not used in trial of this case. Wherefore, Mr. Korfhage asks the Court to grant the relief requested herein.

Respectfully submitted,

/s/ BARBARA SANDERS
BARBARA SANDERS
Florida Bar #442178
80 Market Street
P.O. Box 157
Apalachicola, FL 32320
(850) 653-8976
bsanders@fairpoint.net
jrgay@fairpoint.net

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing has been delivered by electronic filing to: James Coody, Assistant United States Attorney, this 13th day of November, 2015.

    /S/BARBARA SANDERS
    BARBARA SANDERS
    Florida Bar #442178
    80 Market Street
    P.O. Box 157
    Apalachicola, FL 32320
    (850) 653-8976
    bsanders@fairpoint.net
    jrgay@fairpoint.net