IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.

JAMES DEON KORFHAGE

_____/

SUPERSEDING
INDICTMENT
4:15CR9-RH

THE GRAND JURY CHARGES:

### COUNT ONE

Between on or about March 4, 2015, and on or about March 5, 2015, in the Northern District of Florida and elsewhere, the defendant,

**JAMES DEON KORFHAGE,**

using a facility and means of interstate commerce, did knowingly persuade, induce, and entice and attempt to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense.

In violation of Title 18, United States Code, Section 2422(b).

### COUNT TWO

Between on or about March 4, 2015, and on or about March 5, 2015, in the Northern District of Florida and elsewhere, the defendant,

**JAMES DEON KORFHAGE,**

did knowingly possess material that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that was shipped and transported using any means and facility of interstate and foreign commerce and that was produced using materials that had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## COERCION AND ENTICEMENT FORFEITURE

The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 2428. From his engagement in the violation charged in Count One of this Indictment, the defendant,

**JAMES DEON KORFHAGE,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, all interest that this defendant has in any property, real and personal, used and intended to be used, to commit and to facilitate the commission of the offense and any property, real or personal, constituting and derived from any proceeds obtained, directly or indirectly, as a result of the offense, is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 2428.

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

      i.    cannot be located upon the exercise of due diligence;

      ii.   has been transferred or sold to, or deposited with, a third person;

      iii.    has been placed beyond the jurisdiction of the Court;

      iv.    has been substantially diminished in value; or

      v.    has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of any forfeitable property described above.

## CHILD PORNOGRAPHY FORFEITURE

The allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 2253. From his engagement in the violation alleged in Count Two of this Indictment, the defendant,

## JAMES DEON KORFHAGE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his interest in:

    A.    Any visual depiction described in Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received, in violation of Chapter 110 of Title 18, United States Code;

B.   Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense alleged in Count Two of this Indictment; and

C.   Any property, real or personal, used or intended to be used, to commit or promote the commission of the offense alleged in Count Two of this Indictment.

D.   The property referenced in subparagraphs A, B, and C above includes, but is not limited to, computer hardware such as monitors, central processing units, keyboards, computer programs, software, computer storage devices, such as disk drive units, disks, tapes, and hard disk drives or units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the hardware and software mentioned above, tools, equipment, and manuals and documentation for the assembly and use of the hardware and software mentioned above.

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    i.   cannot be located upon the exercise of due diligence;

    ii.   has been transferred or sold to, or deposited with, a third person;

    iii.   has been placed beyond the jurisdiction of the Court;

    iv.   has been substantially diminished in value; or

    v.   has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of any forfeitable property described above.

A TRUE BILL:

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
FOREPERSON

12-1-15
DATE

_____
CHRISTOPHER P. CANOVA
Acting United States Attorney

_____
JASON R. COODY
Assistant United States Attorney